```
Roger G. Perkins, Esq., SBN 86617
Kyle A. Fellenz, Esq., SBN 285753
CLARK HILL LLP
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone:  (619) 557-0404
Facsimile:  (619) 557-0460
RPerkins@ClarkHill.com
KFellenz@ClarkHill.com

Attorneys for Defendant
AUROBINDO PHARMA USA, INC.
```

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COLLINS, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA USA, INC.; AUROBINDO LTD.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'19 CV0688 MMA KSC**<br><br>(San Diego Superior Court Case No.: 37-2019-00013178-CU-BT-CTL)<br><br>*Assigned to:*<br><br>**NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332 and 1441 (b); DIVERSITY JURISDICTION]** |

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant AUROBINDO PHARMA USA, INC. ("APUSA"), a Delaware corporation, hereby removes this action from the California Superior Court for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§1332 and 1441(b) and alleges as follows:

**I.  DESCRIPTION OF ACTION**

On March 11, 2019, Plaintiff CARRIE COLLINS, an individual, on behalf of himself and all others similarly situated ("Plaintiff"), filed this class action against

APUSA and foreign defendant AUROBINDO PHARMA LTD., *incorrectly named as* AUROBINDO LTD. (unserved company located in India) in the Superior Court of the State of California for the County of San Diego. On March 15, 2019, Plaintiff served APUSA with the complaint. *See* Declaration of Kyle A. Fellenz ("Fellenz Decl.") ¶ 2.

The action is titled *CARRIE COLLINS, an individual, on behalf of himself and all others similarly situated v. AUROBINDO PHARMA USA, INC.; AUROBINDO LTD.; and DOES 1 through 10, inclusive,* and bears case number 37-2019-00013178-CU-BT-CTL. A true and correct copy of the Complaint is attached to the Declaration of Kyle A. Fellenz as **Exhibit A**.

In summary, Plaintiff is alleging that he suffered damages arising out of Defendants' manufacture, design, and distribution of the prescription drug Valsartan and his use of same. *See* ("Fellenz Decl.") ¶ 3, Ex. A [Compl., 2:6-7, 13-14].

The Complaint purports to allege three causes of action against APUSA and foreign defendant AUROBINDO PHARMA LTD., *incorrectly named as* AUROBINDO LTD.: (1) Violation of Consumer Legal Remedies Act; (2) Breach of Implied Warranty; and (3) Violation of California's Unfair Competition Act. *See* Fellenz Decl. ¶ 4, Ex. A [Compl., 6:8-9; 7:12-13; 8:12-13]. APUSA denies these allegations.

Plaintiff and the Class members' prayer for relief includes claims for a "compensatory damages, punitive damages, and restitutionary disgorgement." Fellenz Decl. ¶ 5, Ex. A [Compl., 2:13-14; see also at 9:10-23].

II.   **TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL.**

On March 15, 2019, APUSA was served with the Summons and Complaint. Fellenz Decl. ¶ 2. According to 28 U.S.C. § 1446(b), a notice of removal must be filed by Monday, April 15, 2019. Fed. R. Civ. Proc. 6(a)(1)(A)-(C). Accordingly, APUSA's Notice of Removal is timely.

APUSA consents to removal of this matter. Fellenz Decl. ¶ 6. *See* 28 U.S.C. § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009). APUSA is not aware of service on foreign defendant AUROBINDO PHARMA

LTD., *incorrectly named as* AUROBINDO LTD., nor of the existence of or service on any "Doe" defendant. Consequently, no consent from any other party to removal is required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1998).

### III. REMOVAL BASED ON DIVERSITY JURISDICTION.

This Court possesses original diversity jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between a citizen of California and citizens of states other than California and the matter in controversy more likely than not exceeds the sum or value of $5,000,000.

#### A. Complete Diversity Exists, Though Only Minimum Diversity is Required.

In non-Class removal cases, The Supreme Court held "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (1981); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

However, the Class Action Fairness Act ("CAFA") has relaxed the requirement that all plaintiffs be diverse from all defendants, to allow jurisdiction where at least one plaintiff is diverse from at least one defendant – i.e. minimum diversity. *See* 28 U.S.C. § 1332(d).

##### i. Defendants and Plaintiff are diverse.

Here, the requirements for diversity of citizenship are satisfied. Defendant APUSA is a corporation, organized as such under the laws of the State of Delaware. *See* Declaration of Hunter Murdock ("Murdock Decl.") ¶¶ 2, 4, Exhibit A. APUSA's

corporate headquarters and principal place of business are located at 279 Princeton Hightstown Road, East Windsor, NJ 08520. Murdock Decl., ¶¶ 3-4, Exhibit A.

Plaintiff Carrie Collins was, at all relevant times, a citizen of the State of California, and a resident in the County of San Diego. Fellenz Decl. ¶ 7, Ex. A [Compl. 6:24-25].

Foreign defendant AUROBINDO PHARMA LTD., *incorrectly named as* AUROBINDO LTD. is headquartered in Hyderabad, India. Murdock Decl., ¶ 5. AUROBINDO PHARMA LTD. has not been served in this action. *Id.*

Because Plaintiff is a citizen of California, and Defendant APUSA is a citizen of another state with its principle place of business in New Jersey, and foreign defendant AUROBINDO PHARMA LTD., *incorrectly named as* AUROBINDO LTD. is headquartered in the Republic of India and has not been served, complete diversity exists. Again, only minimum diversity is required by CAFA.

### B. The Class Likely Exceeds 100 Individuals

Under CAFA, removing defendant must show that there are at least 100 individuals in the Class. Plaintiff's complaint defines the members of the Class as follows: "All persons or entities who purchased or used Defendants' contaminated Valsartan in California." Fellenz Decl. ¶ 7, Ex. A [Compl. 4:9-10]. Plaintiff's complaint also alleges that all Valsartan contains a probable human carcinogen so, by implication, all persons or entities who purchased or used the drug in California over any time period are class members.

APUSA shipped approximately 98,000 bottles of Valsartan product into California that were the subject of the recall at issue. Murdock Decl. ¶ 6. Thus, the Class in this case is potentially tens of thousands of members strong, and almost certainly greater than 100 individuals.

///
///
///

### C. Amount in Controversy Likely Exceeds $5,000,000

CAFA requires the aggregate sum of the class claims to exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C.A. § 1332(d)(2). In determining the amount in controversy, courts look to the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "Where complaint does not specify amount of damages sought, removing defendant must prove by preponderance of evidence that amount in controversy requirement has been met; therefore, removing defendant under Class Action Fairness Act (CAFA) must show that it is more likely than not that amount in controversy exceeds five million dollars". *Coleman v. Estes Express Lines, Inc.*, C.D.Cal.2010, 730 F.Supp.2d 1141, leave to appeal granted 627 F.3d 1096, affirmed 631 F.3d 1010.

Furthermore, and similarly, although a Complaint does not seek recovery of a specific amount, the amount in controversy may be established if it is facially apparent, when looking at the size of the class and the claim for attorneys' fees, that at least $5 million is in controversy. *See Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006)("there is minimal diversity, and although the petition did not seek recovery of a specific amount, we are satisfied the petition, seeking damages for severe injuries suffered by at least 500 people and attorneys' fees, makes it "facially apparent" that at least $5 million is in controversy, in the aggregate.").

Here, the Complaint defines the class as "All persons or entities who purchased or used Defendants' contaminated Valsartan in California." *See* Fellenz Decl. ¶ 5, Ex. A [Compl.. ¶17]. Plaintiff is generally seeking actual damages in an amount according to proof, compensatory, punitive damages, restitutionary disgorgement, **and attorney's fees/costs**, among other damages. *Id.* at 2:13-14; see also at 9:10-23. In addition to actual damages and attorney's fees/costs, Plaintiff is seeking "[a]ny and all remedies pursuant to the Song-Beverly Act, including under Civil Code §1794," which contemplates a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c). Fellenz Decl. ¶ 5 Ex. A [Compl., 9:21-22]. Plaintiff is also

seeking punitive damages under Civil Code §1780, which can be awarded in the range of nine (9) times Plaintiff's actual damages.

While Plaintiff does not specify any numerical damages in his complaint, APUSA was recently sued in the U.S. District Court, Southern District of New York, in a putative class action suit regarding a consumer economic loss similar to the instant complaint. Murdock Decl., ¶ 7, Exhibit B. In that case, *Elizabeth Duffy, et al. v. Aurobindo Pharma USA, Inc., et al.* (Duffy complaint), plaintiffs sued on the same theory of a carcinogenic impurity in Valsartan. *Id.* According to the Duffy complaint, "the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs." *Id.* at page 16, paragraph 37.

By way of extension, and under *Coleman v. Estes Express Lines, Inc.*, it is more likely than not that this California action exceeds the scope of the Duffy complaint in New York. This action potentially encompasses tens of thousands of California individuals, based on APUSA's shipment of approximately 98,000 bottles of Valsartan product in the state that were the subject of the FDA recall. Murdock Decl. ¶ 6. At the conservative estimate of 5,000 Class members with $1,000.00 in damages each, in addition to either a civil penalty (2x → $10,000,000) and/or punitive damage (9x → $45,000,000) award, plus attorneys' fees and costs, a jury award of $15M+ is entirely plausible. Accordingly, it is facially apparent that the amount in controversy for this class action whose members include all persons or entities who purchased or used the allegedly contaminated Valsartan in California, and includes attorneys' fees, exceeds $5,000,000 in the aggregate.

IV. **EDWARD J. SCHWARTZ U.S. COURTHOUSE OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Plaintiff filed the Complaint in the Superior Court for the State of California, County of San Diego, which is within this judicial district and division. See 28 U.S.C. § 84(c)(2). This Court is thus the proper court for removal under 28 U.S.C. § 1441(a). APUSA reserves the right to seek transfer venue pursuant to applicable law.

6
NOTICE OF REMOVAL

## V. ULTIMATE DISPOSITION SOUGHT: MULTI-DISTRICT LIGITATION

An MDL proceeding has been established in the United States District Court for the District of New Jersey (Kugler, J.) for coordinated pretrial proceedings of Valsartan-related actions under 28 U.S.C. § 1407. *See In re: Valsartan Products Liability Litigation*, Civil Action No. 1:19-md-02875 (MDL No. 2875). APUSA intends to seek the transfer of this action to that MDL.

Eight other lawsuits alleging similar claims against APUSA are already pending in that MDL proceeding. *See Elizabeth Duffy, et al. v. Aurobindo Pharma USA, Inc., et al.*, No. 19-00088 (S.D.N.Y.) (New York); *Maine Automobile Dealers Association, Inc. Insurance Trust v. A-S Medication Solutions LLC, et al.*, No. 19-02431 (D.N.J.) (New Jersey); *Selph v. Zhejiang Huahai Pharmaceutical Co., Ltd, et al.*, No. 19-02017 (W.D. Ar.) (Arkansas); *Holland v. Zhejiang Huahai Pharmaceutical Co., Ltd., et al.*, No. 19-00040 (E.D. Tenn.) (Tennessee); *Childs v. Zhejiang Huahai Pharmaceutical Co., Ltd, et al.*, No. 19-08789 (D.N.J.) (New Jersey); *Hurens v. Aurobindo Pharma USA, Inc., et al.*, No. 19-00195 (S.D. Miss.) (Mississippi); *Ridley v. Zhejiang Huahai Pharmaceutical Co., Ltd, et al.*, No. 19-00054 (N.D. Ga.) (Georgia); *Silberman v. Zhejiang Huahai Pharmaceutical Co., Ltd, et al.*, No. 19-09348 (D.N.J.) (New Jersey).

## VI. NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT

Promptly after the filing of this Notice, APUSA will provide written notice of removal to Plaintiff and the Superior Court and will file a copy of this Notice of Removal with the Clerk of the San Diego Superior Court.

Dated: April 15, 2019

CLARK HILL LLP

By: *[signature]*
Roger G. Perkins
Kyle A. Fellenz
Attorneys for Defendant
AUROBINDO PHARMA USA, INC.